UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LYDIA F. GUISE

    Plaintiff,

v.

ALLINA HEALTH SYSTEM and
HEALTHEAST CARE SYSTEM,
c/o Woodwinds Health Campus
and St. Joseph's Hospital,

    Defendants.

CIVIL NO. 15-3175 (JRT/JSM)

REPORT AND RECOMMENDATION

JANIE S. MAYERON, United States Magistrate Judge

Plaintiff Lydia F. Guise alleges that defendants Allina Health System and Healtheast Care System have misdiagnosed her as having various mental-health problems and are therefore liable for medical malpractice. *See* Minn. Stat. § 541.076; Compl. ¶ 7 [ECF No. 1]. On August 4, 2015, this Court noted that it appeared the Court lacks jurisdiction over Guise's complaint. *See* Docket No. 3 at 1-2. Although Guise alleged in her complaint that a federal question was being presented in this action, the only claim raised by Guise (medical malpractice) was being brought pursuant to state law, not federal law. *See* Compl. ¶¶ 3-4. Moreover, each of the parties to this action was alleged to be a citizen of Minnesota. *Id.* ¶ 2. Accordingly, this Court ordered Guise to show cause why this action should not be dismissed for lack of jurisdiction.

Guise has now filed her response to this Court's order to show cause. In her response, Guise asserts that the defendants in this action misdiagnosed her mental-health status on account of her race, and that this racial discrimination establishes a

1

federal question establishing jurisdiction for this Court. *See* Response at 1 [Docket No. 4]. But this allegation of racial discrimination does not appear anywhere in Guise's complaint. Guise has not pleaded a claim for racial discrimination; she has pleaded a claim for medical malpractice. And such a claim is governed by state law.

Moreover, even assuming that racial discrimination in this context gives rise to a federal cause of action, Guise has not included any allegations in the documents submitted to this Court from which a factfinder could conclude that the defendants misdiagnosed her mental-health status *because of her race.* Guise's conclusory assertion of racial discrimination in her response to the order to show cause, by itself, is not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Guise must plead facts from which a factfinder could conclude that racial animus motivated defendants in their misdiagnosis. No such facts have been alleged in this case.

As explained above and in this Court's prior order, neither 28 U.S.C. § 1331 nor 28 U.S.C. § 1332 provides a basis for jurisdiction over this lawsuit. No federal question is pleaded by Guise, and the parties to this lawsuit are not of diverse citizenship. By all indications, this lawsuit should have been filed in state court, not federal court. Accordingly, this Court now recommends that this action be dismissed without prejudice for lack of subject-matter jurisdiction.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. Plaintiff Lydia F. Guise's application to proceed *in forma pauperis* [Docket No. 2] be DENIED AS MOOT.

Dated: August 20, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.