## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

LYDIA F. GUISE,                                    Civil No. 15-3175 (JRT/JSM)

                Plaintiff,

v.                                                 **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

ALLINA HEALTH SYSTEM and
HEALTHEAST CARE SYSTEM, *c/o
Woodwinds Health Campus and St.
Joseph's Hospital*,

                Defendants.

Lydia F. Guise, 1891 Bielenberg Drive, Woodbury, MN 55125, *pro se*.

Plaintiff Lydia Guise brings this action against Defendants Allina Health System and Healtheast Care System, alleging that they misdiagnosed her with "Unspecified Personality Disorder" and "Bipolar Disorder" and are liable for medical malpractice. (Compl. ¶ 7, July 30, 2015, Docket No. 1.) On August 4, 2015, United States Magistrate Judge Janie S. Mayeron issued an order to show cause, noting that the Court likely lacked subject matter jurisdiction because Guise alleged a state law cause of action between non-diverse parties. (Order to Show Cause, Aug. 4, 2015, Docket No. 3.) In her response, Guise claimed that her misdiagnosis was due to her race and that the defendants were liable "for medical malpractice in the 'cause' of Racial Discrimination." (Order to Show Cause: Resp. ("Resp.") at 1, Aug. 14, 2015, Docket No. 4.)

On August 20, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss Guise's action without prejudice based on a lack of subject matter jurisdiction. (R&R at 2-3, Aug. 20, 2015, Docket No. 5.) The Magistrate Judge found that Guise's complaint only alleged a state law medical malpractice claim and contained no mention of racial discrimination. (*Id.* at 1.) Even if a federal cause of action for racial discrimination were available in this context, the Magistrate Judge found that Guise had not included any allegations in her complaint that could lead to an inference of medical misdiagnosis based on her race. (*Id.* at 2.) As Guise's pleadings did not raise a federal question, the Magistrate Judge recommended that the Court dismiss for lack of subject matter jurisdiction. (*Id.* at 2-3.)

On September 2, 2015, Guise filed objections to the R&R. (Objs. to R&R ("Objs."), Sept. 2, 2015, Docket No. 6.) Because the Court finds that Guise has not alleged a substantial federal question even under a liberal reading of her complaint, the Court will overrule her objections, adopt the R&R, and dismiss Guise's action without prejudice.

**DISCUSSION**

**I.      STANDARD OF REVIEW**

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that

has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error. *See Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions); Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## II. GUISE'S OBJECTIONS

In her objections to the R&R, Guise again argues that her misdiagnosis was based on her race, and that the Court therefore has subject matter jurisdiction over her case. Guise cites the Tuskegee Experiment to claim that she was similarly "being used for research purposes based on [her] race," an argument apparently made in a response to the Magistrate Judge's finding that Guise only made conclusory allegations of racial discrimination. (Objs. at 2.) But Guise offers no support for this conclusion in her factual allegations. Guise argues that she has alleged facts of racial discrimination because there is no other possible reason for the misdiagnosis. (*Id.*) Pro se complaints are to be construed liberally, but "they still must allege sufficient facts to support the

claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Even liberally construing Guise's complaint, she has not raised a federal question, primarily because her complaint does not mention racial discrimination. She discussed racial discrimination for the first time in response to the order to show cause, and then again in her objections to the R&R. But these allegations were conclusory in nature and would not have supplied sufficient facts to support jurisdiction, even if they had been made in Guise's complaint.

In her objections, Guise also states that she would like to amend her complaint to include "'Race Discrimination' based on medical research and Medical Malpractice with false information, which led to a false diagnosis." (Objs. at 3.) Her requested addition to her complaint supplies an additional basis for her claim, but it does not add any factual matter to substantiate that claim. Without supporting facts, Guise's racial discrimination claim is a conclusory allegation, and conclusory allegations alone are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (granting motion to dismiss for failure to state a claim of unlawful discrimination). Therefore, the Court will dismiss her claims without prejudice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Guise's objections [Docket No. 6] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 20, 2015 [Docket No. 5]. **IT IS HEREBY ORDERED** that:

1. Guise's claims are **DISMISSED without prejudice.**

2.     Guise's Application to Proceed without Prepaying Fees or Costs [Docket No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 3, 2016  
at Minneapolis, Minnesota.

\_\_\_\_\_s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court